*Wood, J.
By the statement of facts, it will be seen a [1-64 single inquiry only is designed to be presented for our consideration. It is this: Whether a nuncupative will made under the act of the general assembly of Ohio of February 26, 1824, is sufficient to pass real estate ?
It will be found by reference to an elementaxy writer, that a devise of lands in England was only authorized by positive enactment ; and that during the reign' of Henry VIII, the power to devise real property was first conferred by act of Parliament, but only then to a limited extent; but during the reign of Charles II, the power was further enlarged and became universal. 2 Bl. Com. 12, 13, 491. In the United States, it is believed, this power will be found only as the result of legislation. By the ordinance of 1787, for the government of the territory northwest of the Ohio, a devise was required to be in writing. The territorial law of 1795 is believed to have made the first provision for a verbal will in Ohio, and that was adopted from the statutes of Pennsylvania. It uses the term estate, and limits the estate to be conveyed by a nuncupative will to eighty dollars. By the term estate, which is employed in this statute, is clearly signified, not only personal *465 peroperty, or the interest that a testator has therein, bat also such an interest as he has in lands, tenements, and hereditaments; and it seems to follow, that this act conferred power to devise real property by a verbal will. Following up the legislation of Ohio, it will be found, that in January, 1805; the act of 1795 was repealed and provision made for disposing of personal property only by nuncupative will. As the power existed under the former, it therefore ceased to exist under the latter act. The act of 1808 repeals the law of 1805, and prescribes the mode of execution of a verbal will, without any direction as to the nature or limitation of the estate it may operate to convey. The first section of this act provides, ' however, that every male person, etc., shall have power by last will and testament, in writing, to dispose of both real and personal estate. If personal property were not here enumerated, it might be contended perhaps with some plausibility, that a verbal will was 465] *not intended to pass the realty. But as the term written, as used in this section, applies to both species of estates, and as the act makes provision for the due execution of a verbal will, and leaives it without restriction, as to what may pass under it, it would seem to be general in its application, and nothing short of statutory provision can limit it to the personalty. The same provision is cojfied into the acts of 1810,1816, and 1824, in relation to verbal wills. The act of 1824 was in force when this will under which the defendant claims was made, and if we are right in our deductions, judgment should be given for the defendant; and we are 'also confirmed in this opinion by the fact that the act of 1831 expressly restricts nuncupative wills to personalty, without limitation as to the amount. Judgment for the defendant.